UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
SREAM, INC.,
                      Plaintiff,

                      -against-

VILLAGE TOBACCO, CUZINS SMOKE SHOP,
BLVD CONVENIENCE STORE, DOES 1-10,

                      Defendants.
-------------------------------------------------------------- x

**REPORT AND RECOMMENDATION**

16-CV-5871 (MKB)(PK)

**Peggy Kuo, United States Magistrate Judge:**

      Plaintiff Sream, Inc. filed this action on October 21, 2016, alleging violations of the Lanham Act, 15 U.S.C. §§ 1114, 1115(a), 1116, and state law for trademark dilution, deceptive practices, and unfair competition. (*See* Compl., Dkt. 1.) Specifically, Plaintiff alleges that Defendants, without Plaintiff's consent, "offered to sell and sold within the United States" counterfeit goods resembling the "RooR Marks," of which Plaintiff has the exclusive license in the United States. (*Id.* ¶¶ 10, 12, 17.) Plaintiff and Defendant Village Tobacco Productions, Inc. have settled all claims and filed a stipulation of dismissal. (*See* Dkts. 23, 25, 26.) Plaintiff, however, has failed to respond to six Court Orders regarding the status of its case against the remaining Defendants. (*See* Nov. 6, 2017 Order, February 16, 2018 Order, Feb. 27, 2018 Order, Mar. 1, 2018 Order, Apr. 4, 2018 Order, and Apr. 16, 2018 Order.)

      Because Plaintiff has failed to prosecute its claims against Defendants Cuzins Smoke Shop, Blvd Convenience Store and Does 1 through 10, and comply with multiple Court Orders, the undersigned recommends that all claims against these Defendants be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action based on plaintiff's failure to prosecute or comply with a court order. Even where, as here, a defendant has not moved for dismissal, the Court has "unquestioned . . . authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). "Courts have repeatedly found that dismissal of an action is warranted when a litigant . . . fails to comply with legitimate court directives." *Rafaniello v. Travelers Cas. Co.*, No. 14-CV-3385 (NGG) (MDG), 2016 WL 4991544, at *2 (E.D.N.Y. Feb. 22, 2016), *R&R adopted*, 2016 WL 5061112 (E.D.N.Y. Sept. 16, 2016) (citation omitted). When a district court contemplates such a dismissal, it must consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No one factor is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Involuntary dismissals pursuant to Rule 41 are presumptively with prejudice. *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011).

Here, Plaintiff has delayed prosecution of this action against the remaining Defendants since its last communication to the Court on August 3, 2017. Since that date, Plaintiff has repeatedly ignored the Court's directives and failed to comply with six Court Orders. In its last Order to Show Cause, dated April 16, 2018, the Court notified Plaintiff of the possibility of dismissal of its case for failure to prosecute; Plaintiff failed to respond. On April 24, 2018, Plaintiff and Defendant Village Tobacco (and Sharuk Hussain) filed a Stipulation of Discontinuance. (Dkt. 27.) Defendants Cuzins

Smoke Shop and Blvd Convenience Store were not mentioned as part of that Stipulation. The balance of the Court's interest in maintaining judicial economy and Plaintiff's interest in receiving further opportunities to be heard weighs in favor of dismissal. The Court finds that lesser sanctions would not be effective in light of these circumstances. Accordingly, the undersigned respectfully recommends that all claims against the remaining Defendants be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that all claims against the remaining Defendants be dismissed with prejudice. Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any such objection waives the right to appeal the District Court's Order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

SO ORDERED:

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
June 25, 2018